Daniel B. Chammas (SBN 204825)
  dchammas@fordharrison.com
Valorie L. Ferrouillet (SBN 217249)
  vferrouillet@fordharrison.com
FORD HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone:     (213) 237-2400
Facsimile:     (213) 237-2401

Attorneys for Defendants,
SOUTHEAST EMPLOYEE LEASING
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN PEREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR INTERNATIONAL US, INC., a Delaware corporation; AMERICAN STAFFING SERVICE, INC., a California corporation; SOUTH EAST EMPLOYEE LEASING SERVICES, INC., a Florida corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-at-421<br><br>**DEFENDANT SOUTHEAST EMPLOYEE LEASING SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>Action Filed:    February 21, 2024<br>Removal Filed:  April 5, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant South East Employee Leasing Services, Inc. ("SPLI") hereby removes the above-entitled action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§1332(d) (Diversity under Class Action Fairness Act), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

**PLEADINGS AND PROCESS, AND ORDERS**

1. On February 21, 2024, Plaintiff Christian Perez filed a complaint against SPLI, AIR INTERNATIONAL US, INC., ("Air International") and AMERICAN STAFFING SERVICE, INC. ("American Staffing") entitled *Christian Perez, individually, and on behalf of all others similarly situated, Plaintiff, vs. Air International Us, Inc., American Staffing Service, Inc.; South East Employee Leasing Services, Inc., and DOES 1 to 10, Defendants* in the Superior Court of the state of California for the County of Sacramento, Case No. 24CV003072 (hereinafter, the "Complaint"). A true and correct copy of the original Complaint is attached to the Declaration of Daniel Chammas ("Chammas Dec.") as **Exhibit A**. The allegations in the Complaint are incorporated by reference in this notice of removal but are not admitted.

2. Plaintiff seeks to represent persons who are employed or have been employed as non-exempt employees by Defendants in the State of California at any time from four years immediately preceding the filing of the lawsuit through the time of class certification. (Compl., ¶ 22, Ex. A to Chammas Decl.)

3. The Complaint alleges eight causes of action which Plaintiff pursues on a class action basis: (1) failure to pay minimum wages, (2) failure to pay overtime compensation, (3) failure to provide meal periods, (4) failure to authorize and permit rest breaks, (5) failure to indemnify necessary business expenses, (6) failure to timely pay final wages, (7) failure to provide accurate itemized wage statements, and (8) unfair business practices in violation of Business and Professions Code § 17200. (*See generally* Complaint, Ex. A to Chammas Dec.)

4. A true and correct copy of the Summons, which was issued by the state court on February 21, 2024, is attached to the Chammas Dec. as **Exhibit B**.

5. A true and correct copy of the Civil Case Cover Sheet, which was filed with the state court on February 21, 2024, is attached to the Chammas Dec. as **Exhibit C**.

6. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings, and documents served on and/or received by SPLI, or filed in this action, as of the date of this filing. To SPLI's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, County of Sacramento or served by any party.

**TIMELINESS OF REMOVAL**

7. SPLI was served with the summons and Complaint by way of personal service on March 6, 2024. (*See* **Exhibit D** to Chammas Dec.)

8. This notice of removal is timely filed as it is filed within thirty (30) days of the receipt of the summons and original complaint on SPLI.

**VENUE**

9. Sacramento, California is located within the Eastern District of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(b) because this is the "district and division embracing the place where [Plaintiff's] action is pending." (28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.)

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

10. This Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. (28 U.S.C. § 1332(d)(2).) Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from SPLI.

11. Under CAFA, consent from the non-removing defendants is not required. 28 U.S.C. § 1453(b).

12. Further, the exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

13. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of "[a]ll persons who worked for **any Defendant** in California as an hourly, nonexempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of the class is sent." (Compl., ¶ 22, Ex. A to Chammas Dec. (emphasis added).)

14. This Court has original jurisdiction over the case under 28 U.S.C. § 1332(d)(2) because the case is filed as a civil class action, the amount in controversy exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from any defendant.

**Citizenship of Parties**

15. Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant. (28 U.S.C. § 1332(d)(2).)

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).) A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. (*Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)

17. Plaintiff is a resident of and domiciled in California. Plaintiff is a citizen of the United States and the State of California.

18. For purposes of CAFA, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." (*Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).)

19. SPLI is a corporation organized under the laws of the State of Florida with its headquarters and principal place of business located in the State of Florida. Accordingly, SPLI is considered a citizen of the States of Florida. (28 U.S.C. § 1332(c)(1).)

20. Air International is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business located in the State of Michigan. Accordingly, Air International is considered a citizen of the States of Delaware and Michigan. (28 U.S.C. § 1332(c)(1).)

21. American Staffing is a corporation organized under the laws of the State of California with its headquarters and principal place of business located in the State of California. Accordingly, American Staffing is considered a citizen of the State of California. (28 U.S.C. § 1332(c)(1).)

22. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. (*See* 28 U.S.C. § 1441(a) ["[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"].)

23. Here, diversity of citizenship is met because Plaintiff is a citizen of California while SPLI is a citizen of Florida and Air International is a citizen of Delaware and Michigan. Accordingly, the minimal diversity requirement is fully satisfied. (*See* 28 U.S.C. § 1332(d)(2)(A).)

**The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members**

24. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." (28 U.S.C. § 1332(d)(2).) "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. (28 U.S.C. § 1332(d)(6).) Further, CAFA may only be invoked if the proposed class contains at least 100 members. (28 U.S.C. § 1332(d).)

25. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" (*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) [citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)].) "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." (*Id.*)

26. Plaintiff has not alleged a specific amount in controversy in his Complaint. A "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (*Dart Cherokee Basin Operating Co., LLC v. Owens*¸ 574 U.S. 81, 135 S. Ct. 547, 554 (2014).) If the plaintiff or the court contests a defendant's

1  allegations, however, "[e]vidence establishing the amount is required." (*Id.*) As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" (*Id.* [quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)].) Here, SPLI can plausibly allege, based on the Complaint, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of SPLI herein is limited to its preliminary understanding of Plaintiff's claims and data currently available to SPLI. However, SPLI expressly denies any liability, and its statement in this regard does not in any way constitute an admission of liability for any of the claims alleged in Plaintiff's Complaint.

27. Here, Plaintiff proposes a class consisting of "[a]ll persons who worked for **any Defendant** in California as an hourly, nonexempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of the class is sent." (Compl., ¶ 22, Ex. A to Chammas Dec. (emphasis added).)

28. For just the fifth cause of action for failure to timely pay wages at termination/separation, the amount in controversy for this cause of action alone is at least $5,000,000. Plaintiff alleges that "the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ." (*Id.*, at ¶ 62.) Section 203 of the California Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as penalty, continue to pay the employee's wages until the back wages are paid in full or an action is commenced.

29. In the relevant time period, Air International employed 703 non-exempt employees in California whose employment has been terminated. Given these employees' average rate of pay

at the time of termination, the amount in controversy for this cause of action alone is $2,904,574.37 (703 terminations x 8 hours x 30 days x $17.26). In the relevant time period, American Staffing sent 503 non-exempt employees to work at Air International in California whose employment has been terminated. Given these employees' average rate of pay at the time of termination, the amount in controversy for this cause of action alone is $2,245,200 (503 terminations x 8 hours x 30 days x $18.60). The total for this single cause of action for just these two defendants is $5,149,774.37.

30. While SPLI denies Plaintiff's claims of wrongdoing and denies his request for relief thereon, the facial allegations in the Complaint, when viewed in the light most favorable to Plaintiff, puts in excess of the jurisdictional minimum in controversy. (*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).) "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).) "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" (*Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) [quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)].) Nor does Defendant need to provide summary judgment-type evidence. (*Cagle*, 2014 WL 651923, *7.)

31. SPLI does not concede Plaintiff's claims have any merit. However, when the relief sought on behalf of the putative class is taken as a whole, the amount in controversy for Plaintiff's class claims more likely than not exceeds the $5 million jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1441(a). (*See* 28 U.S.C. § 1332(d)(6) ["In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs."].) Accordingly, the potential amount in controversy is in excess of the $5 million threshold for CAFA jurisdiction.

32. Finally, CAFA's numerosity requirement of the proposed class having at least 100 class members is satisfied. (*See* 28 U.S.C. § 1332(d)(5)(B).)

**NOTICE OF REMOVAL**

33. A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

34. By removing the action to this Court, SPLI does not waive any defenses, objections, or motions available to it under state or federal law. SPLI expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

WHEREFORE, SPLI prays that the Court remove this civil action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

Dated: April 5, 2024

Respectfully Submitted,
FORD & HARRISON, LLP

By: /s/ Daniel B. Chammas
Daniel B. Chammas, Esq.
Valorie L. Ferrouillet, Esq.

Attorneys for Defendant
SOUTHEAST EMPLOYEE LEASING SERVICES, INC.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

UNITED STATES OF AMERICA

*Christian Perez, et al. v. Air International US, Inc., et al.,*
United States District Court, Eastern District of California, Case No. 2:24-at-421

I am employed in the County of Los Angeles, State of California, United States of America. I am over the age of 18 and not a party to the within entitled action; my business address is Ford & Harrison, LLP, 350 South Grand Avenue, Suite 2300, Los Angeles, CA 90071.  On the date indicated below I served the foregoing document(s) described as:

**DEFENDANT SOUTHEAST EMPLOYEE LEASING SERVICES, INC.'S NOTICE OF REMOVAL**

on the interested parties in this action as follows:

| | |
|---|---|
| Kane Moon<br>S. Phillip Song<br>Stanley J. Park<br>MOON LAW GROUP, PC<br>1055 West Seventh Street, Suite 1880<br>Los Angeles, CA  90017<br>Telephone:   (213) 232-3128<br>Facsimile:    (213) 232-3125<br>Email:         kmoon@moonlawgroup.com<br>                  psong@moonlawgroup.com<br>                  spark@moonlawgroup.com | Attorneys for Plaintiff<br>CHRISTIAN PEREZ |

☒ **BY U.S. MAIL:**  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing indicated in the affidavit.

☐ **BY FACSIMILE:**  I faxed said document, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

☐ **BY OVERNIGHT DELIVERY:**  I deposited such envelope(s) for collection and delivery by FedEx with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by FedEx. They are deposited with a facility regularly maintained by FedEx for receipt on the same day in the ordinary course of business.

☐ **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by a process server employed by Ace Attorney Service.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rgarcia@fordharrison.com to the persons at the e-mail address(es) listed in the Service List. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY DESIGNATED ELECTRONIC FILING SERVICE:** Pursuant to § 1010.6 of the Code of Civil Procedure, and Rule 2.253(b) of the California Rules of Court. I electronically filed the document(s) with Los Angeles Superior Court via Express Network, E-Filing Service Provider designated by the Court. I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to Express Network, through their electronic user interface located online at https://efile.expressnetworkas.com/ee/efile.php?web.

☐ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of April, 2024, at Los Angeles, California.

_____
Rhoel Garcia